# SUPREME COURT.

The Mayor, Aldermen and Commonalty of the City of New York agt. Edward Marrener and William M. Tweed.

Same agt. George S. Miller and William M. Tweed.

*Bill of particulars will be granted in an action for fraudulent combination and conspiracy.*

A bill of particulars will be granted in an action against defendants for fraudulent combination and conspiracy by the defendants to procure from the plaintiffs a large amount of money, on the alleged false pretense that the defendants had furnished to the plaintiffs, or for their use, certain goods, upon false bills or vouchers procured by the defendants.

It would be manifestly unjust to require the defendants to answer, or to go to trial, without being informed more definitely as to the charge which they are to meet, and as to the issue which is to be tried.

The court has the same discretionary power under the Code that it formerly possessed, of granting a bill of particulars in a criminal as well as a civil action.

The motions are granted so far as they are made for bills of particulars of the plaintiffs' claim; but denied as to requiring the plaintiffs to furnish copies of the bills and vouchers, &c., to the defendants.

*New York, at Chambers, April 17th,* 1875.

Motion on the part of the defendants for a bill of particulars of the plaintiffs' claim, under a complaint alleging fraud in obtaining moneys from the treasury of the plaintiffs, and for a copy of the bills and vouchers on which the money was paid.

Lawrence, *J.* — These actions are brought by the plaintiffs to recover for the loss and damage which it is alleged the

Mayor, &c., of New York agt. Marrener.

plaintiffs have sustained by reason of the wrongful acts of the defendants, in fraudulently obtaining or procuring moneys from the treasury of the plaintiffs, on the fraudulent pretense of the existence of valid claims against the plaintiffs.

In the first action the plaintiffs demand judgment against the defendants in the sum of $550,000, and, in the second, in the sum of $500,000. The allegations in each of the complaints are, in substance, that the defendant Marrener and the defendant Miller fraudulently combined and conspired with the defendant Tweed, who was, at the various times in each of the complaints referred to, either the deputy street commissioner or the commissioner of public works of the plaintiffs, and with divers other persons to the plaintiffs unknown, to procure from the plaintiffs a large amount of money, on the false pretense that he (the said Marrener or the said Miller), had furnished to the said plaintiffs, or for their use, certain goods, and that to that end said defendants caused certain bills or vouchers to be prepared and submitted to the street department or to the department of public works, in which it was pretended that the plaintiffs were indebted to the defendants, other than the defendant Tweed, in certain amounts, whereas in truth and in fact each of the said defendants, other than the defendant Tweed, knew that he had not furnished to the said plaintiffs or for their use, any of the goods mentioned in the said bills or vouchers, or but a very small part thereof, and that the prices charged in the said bills for such portion as was furnished, if any, were greatly in excess of what said defendants and each of them, other than said Tweed, were entitled to charge, and that the said plaintiffs were not indebted to the defendant, Marrener or Miller, in any sum on account thereof, or but in a very small sum.

It is then further averred that in further prosecution of the conspiracy aforesaid, the defendant Tweed, then being either the deputy street commissioner or commissioner of public works of the plaintiffs, fraudulently caused the said bills or

vouchers to be in due form certified as correct and approved; and that the same being afterward presented to the comptroller of the city of New York, said comptroller paid out to the defendants Marrener and Miller, the sums respectively stated in the complaints.

In the complaint against Marrener and Tweed there are thirty-one different causes of action stated and set forth. In the complaint against Miller and Tweed there are twenty-four different causes of action stated and set forth.

Motions are made in each of these cases by the defendant Tweed, for orders compelling the plaintiffs to serve upon the attorneys of the defendant Tweed a copy of all the accounts or bills mentioned in the respective complaints as having been allowed, presented and paid, and a bill of particulars of such portions of the said accounts or bills as the plaintiffs claim to have been fictitious, overcharged or in any respect false or erroneous.

The magnitude of the amounts involved in these cases, and the great importance of the cases irrespective of the amounts involved, have induced me to give to their consideration much more time and reflection than can ordinarily be bestowed upon motions argued before a judge at chambers. After such reflection and consideration, I have been forced to the conclusion that the motions for a bill of particulars, &c., should in each case be granted, both upon principle and upon authority.

In the case of *The People ex rel. Waring* agt. *The Monroe Common Pleas* (4 *Wendell, p.* 200), SAVAGE, C. J., says: "The use of a bill of particulars is to apprise a party of the specific demands of his adversary when the pleadings are general and leave uncertain what is particularly demanded, either in a declaration or a notice of set-off, and has no application when the demand is specifically set forth in the pleadings." In that case the declaration contained counts on a promissory note, and for work, labor and services as physicians and surgeons. A bill of particulars had been delivered containing the charges

for visits, medical attendance and medicine, but not specifying the note declared on. The court held, and obviously correctly, that it was not necessary to specify the note in the bill of particulars, it having been specifically declared upon.

In the case of *Smith* agt. *Hicks* (5 *Wendell*, *p.* 51), SAVAGE, C. J., also says: " A bill of particulars has been sometimes said to be an amplification of the declaration ; its object is to apprise the opposite party of the nature of the action or defense."

I do not think that the complaints in these cases can be said to so definitely and distinctly apprise the defendant of the precise claim which is made against him, as to deprive him of his right to apply for a bill of particulars of the plaintiffs' demand, or to justify the court in refusing to exercise its discretion in granting an order that such a bill be furnished. It is quite obvious that the defendant is not apprised of the " specific demands of his adversary." It is true that he is informed that he is accused of fraudulently certifying certain bills, which bills purported to be for goods furnished and supplied to the plaintiffs, and that it is claimed that either no such goods as are specified in the bills were actually furnished, or that but a small portion of such goods was furnished. It is precisely at this point that the obscurity, indefiniteness and indistinctness of the plaintiffs' claim is manifested. What portion of the bills certified by the defendant was for goods claimed by the plaintiffs not to have been actually delivered, or what proportion of the goods specified in the bills the plaintiffs contend was not actually delivered, the defendant is nowhere informed. If the principle on which bills of particulars are granted is correctly stated in the two decisions of this court rendered by chief justice SAVAGE and above referred to, it seems to me that these are peculiarly cases in which bills of particulars should be granted. It would be most manifestly unjust to require the defendant to answer or to go to trial without being informed more definitely as to the charge which he is to meet, and as to the issue which he is to try.

It may however be said that, as there are actions for wrongs or torts, the court should not grant an order for bills of particulars. I understood it to be conceded on the part of the plaintiffs on the argument that the granting of such an order was within the discretion of the court.

Even if such a concession had not been made, on authority, I should have found no difficulty in arriving at the conclusion that the court has power to make the order.

The 158th section of the Code provides that the court "may, in all cases, order a bill of particulars of the claim of either party to be furnished." It is quite obvious that it cannot be implied, from the language of the section just quoted, that the power of the court to order bills of particulars of the claim of either party is limited to actions arising on contract. It is true that the court will ordinarily be called upon to exercise such power much more frequently in cases arising *ex contractu* than in other actions, but the power is the same in all classes of actions. In the recent case of *Tilton* agt. *Beecher*, I understand the court of appeals to have decided that it is within the discretion of the court to make an order for a bill of particulars in actions of tort, but as I have not the opinion in that case at hand, it may not be uninstructive to refer to some cases previously decided in this state and in England upon this point. In *Humphreys* agt. *Cortelyou* (4 *Cowen*, 54) the declaration was in trover, and an order had been made by judge IRVING, the first judge of the court of common pleas, that the plaintiff deliver to the defendant a bill of particulars, of his demand, and the plaintiffs, in pursuance of such order, had delivered the following bill of particulars: "For two sticks of timber, twenty-four inches square, seventy or eighty feet long; 100 sticks of round hemlock and pine timber, called duck sticks, &c.," without giving dates, or mentioning any time, within which the plaintiffs' claims for the several items arose. After this bill had been delivered, the judge made an order for a further bill of particulars requiring the plaintiff to state the precise dates and times when the several

Mayor, &c., of New York agt. Marrener.

articles specified in the declaration came to the defendant's possession, or were converted by him. The plaintiffs' attorney then made an affidavit that he had conferred with his clients, and from the facts he had gathered from them, and by a conversation with the witnesses, he could not comply with the last order, so far as to give the precise dates and times when the articles specified in the declaration came to the defendant's hand, or were converted to his use. Upon this affidavit a motion was made to set aside the second order. On the part of the defendant an affidavit was read to show that a statement of the time was necessary to enable him to prepare for his defense.

It does not seem from the report of the case to have been doubted, either by the court or counsel, that it was within the power of the court to require a bill of particulars in this case, and it was held that the statement of the dates in the bill of particulars was a matter resting in the sound discretion of the judge granting the order, on hearing both parties, under all the circumstances of the case. The motion to vacate the second order was therefore denied. In the case of *Vischer* agt. *Conant* (4 *Cowen, p.* 396), it was held that if in real actions the defendant wishes a more definite knowledge of the extent of the demandant's claims than he can obtain from the court, he should obtain a bill of particulars. In that case the court say : "This proceeding to obtain a bill of particulars seems applicable to all actions in which the plaintiff declares generally, without specifying particularly, his cause of action. Reference is made by the court to 2 *Archbold's Practice* (*page* 198). So also, a bill of particulars has been allowed in an action of trespass *de bonis asportatis* (2 *Chitty's Archbold*, 875). And in *Blackie* agt. *Neilson* (6 *Bosworth*, 681), it was held that in an action for the conversion of personal property a bill of particulars might be ordered, although, under the circumstances of the case, the application there was refused.

In *Davies* agt. *Chapman* (6 *Adolphus & Ellis, page* 767), in an action against a marshal for an escape, it was held that

the plaintiff might properly be ordered by a judge to give a particular of the alleged escape, specifying the time and place, and that the plaintiff was bound to specify them precisely, " if he can ; if not, as well as he is able," subject to an application by the defendant for better particulars. And even in criminal cases, particulars have been required to be furnished by the prosecutor to the defendant. (*See remarks of* SPENCER, *senator, in Lambert* agt. *The People*, 9 *Cowen*, 587.)

In *Rex* agt. *Hadgron* (3 *Carrington & Payne*, 422) it was held, that where a prisoner is indicted for embezzlement, and does not know the specific acts of embezzlement charged against him, he should apply to the prosecutor for a particular of the charges, and that if refused, the judge would, on motion supported by proper affidavits, grant an order for such particular to be given.

In *Rex* agt. *Bootyman* (5 *Carrington & Payne*, 300) the prisoner had been held to bail, before indictment found by grand jury, on a charge of embezzlement, and a motion was made on an affidavit, stating that the defendant, who had been farming bailiff to the prosecutors, did not know what charges of embezzlement were intended to be brought against him, and that he had applied for a particular which had been refused. The order was granted by Mr. justice LITTLEDALE.

In *Rex* agt. *Hamilton, Woolf and others* (7 *Carrington & Payne*, 448) the prisoners were indicted for a conspiracy to cheat and defraud. The indictment contained thirteen counts. The first count charged that the seven defendants, "intending to defraud divers of the liege subjects, &c., of their goods and merchandise, on, &c., at &c., and within the jurisdiction of the court, unlawfully, &c., did conspire with divers other persons unknown, by divers false pretenses, &c., to obtain and acquire to themselves of and from divers liege subjects, &c., then carrying on business at Belfast, in that part of the United Kingdom called Ireland, to wit, of John Bell, William Bell and others (naming them), divers goods

and merchandise of great value, to wit, of the value of £10,000, and to cheat and defraud the said subjects thereof." Then followed a statement that the defendant Hamilton, had, in pursuance of such conspiracy, falsely carried on business at Belfast under a certain firm name, and in pursuance of such conspiracy, had fraudulently obtained the goods of the different prosecutors, &c.

A motion was made before Mr. justice Littledale, calling on the prosecutors to show cause why they should not deliver a particular of the charge. It was contended on the part of the defendants that, from the general nature of the indictment, the defendants could not make their defense without a particular of the charges; and on the part of the prosecutors, that in a case of conspiracy the defendants were not entitled to a particular of the charge. Littledale, J., held that the ordering of bills of particulars in such cases was a highly beneficial practice, and that the particular should give the same information that a special count did, and, while holding the first count sufficiently specific without any particular, he went on to say that the effect of a particular was to give the opposite party the same information that he would obtain if there was a special count; and added: "I have always understood this to be the rule in civil cases."

In *Rex* agt. *Conwood* (3 *Ad. & Ellis*, 815) particulars were ordered of the acts of nuisance which the prosecutor relied upon proving.

And in *Wharton's American Criminal Law* (§ 291) it is stated that: "Whether a bill of particulars or specification of facts shall be required, is exclusively within the discretion of the judge. In many cases of general charges (*e. g.*, conspiracy where the indictment avers merely a general conspiracy to cheat), such a specification on the part of the prosecution will be required."

These cases seem to me conclusively to show that it has always been regarded as within the power of the court to order bills of particulars of the claim or charge, whether in a

civil action brought for the redress of the wrong sustained by the plaintiff, or on an indictment to punish the defendant, criminally, for the fraud alleged to have been perpetrated by him.

The language of section 158 of the Code, as I have before stated, indicates no intention to change this rule as respects civil cases; and by section 469 of the Code it is provided that the present rules and practice of the courts, in civil actions, where consistent with this act, shall continue in force, subject to the power of the respective courts to relax, modify or alter the same. The same rules must, therefore, govern now as formerly prevailed in regard to the granting of orders for bills of particulars.

It being, then, established that it is within the power of the court to grant the orders asked for in these cases, the question recurs, whether the power should be exercised. I think that it should be.

The statements of the different causes of actions in the complaints are most general in their character. While stating the amounts of money which the plaintiffs claim to have been fraudulently abstracted from the treasury, it is left uncertain whether the plaintiffs intend, at the trial, to claim that all of the goods for which the bills were rendered were not delivered, or whether the claim will be made that only a portion of the goods were not delivered; and if so, what portion; or as to whether the contest at the trial will be in regard to the excessiveness of the prices charged for the goods. Under the complaints the defendants can be called upon to defend every voucher which is referred to in the complaints, and can be kept in the dark until the instant when the voucher is produced by the plaintiffs at the trial, as to the precise ground on which either of said vouchers is to be challenged or attacked. It seems to me that it would be most manifestly unjust to compel any defendant to put in an answer or to go to trial on such an uncertainty.

Again, it has been very frequently decided that one of the

Mayor, &c., of New York agt. Marrener.

objects in requiring bills of particulars is to prevent a surprise upon the trial. Is it not perfectly clear upon the face of these complaints, and upon the affidavits read on the part of the defendant, that he is most liable to be surprised upon the trial if he takes issue upon the complaints as they stand, and without further information as to the nature of the plaintiffs' claim? It has been contended, however, that the defendant has mistaken his remedy; that his motion should have been to make the complaint more definite and certain. I cannot concur in this view (*See Slornan* agt. *Schmidt*, 8 *Abbt.*, *page* 5.) In that case Mr. justice BRADY says: "The statement sought to be made a part of the complaint would be in effect a recital of the facts by which the claim must be established; or at least the embodiment of a bill of particulars in the complaint."

As I understand it, such would be the effect here. The defendant is entitled to a bill of particulars or he is entitled to no relief.

It was contended that, as the defendant must know whether he had been guilty of a fraud or conspiracy, he cannot require a bill of particulars before answering. The answer to this position is two-fold.

First. In the cases in the books to which I have above adverted, the defendant must have known whether he had been guilty of the conspiracy, fraud or embezzlement with which he was charged, and for which he was indicted; and yet it was held on a motion similar to that which is made here, that he was entitled to the particulars of the charge against him.

' Second. If the defendant is entitled, in a fair exercise of the court's discretion, to a bill of particulars at any stage, it is much more just and proper that he should have it at the present stage of the actions. If the bills are delivered now they will enable the defendant to know what the specific demands against him are, and to answer accordingly. It will also facilitate the court in narrowing the issue, by affording

an opportunity for a full and thorough determination of the action at the trial. Should the parties go to trial now, the defendant might, it seems to me, claim a surprise at the trial, and the court would be compelled in fairness to allow the cause to stand over, to enable the defendant to apprise himself of the plaintiffs' claim, by then moving for a bill of particulars.

On the whole case, I can perceive no injury which can possibly result to the plaintiffs from the granting these motions, while it is apparent that rights on which the defendant is entitled by law to insist, may be jeopardized by their denial.

The plaintiffs, from an examination of the vouchers, bills, papers and books of the street department and of the department of public works in their possession, must be assumed to have discovered a palpable fraud on the part of this defendant and of his co-defendants.

There can, under such circumstances, be no hardship in compelling the plaintiffs to indicate in what that fraud consists, with such certainty and particularity as to enable the defendant to understand and meet the specific charges against him.

The motions are, therefore, granted, so far as they are made for bills of particulars of the plaintiffs' claim. The other branch of the motions, that the plaintiffs be required to furnish copies of the bills and vouchers, &c., to the defendant, I see no reason for granting.

The order may be settled on two days' notice.